Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000099
20-JUN-2023
07:56 AM
Dkt. 139 ODSD

NOS. CAAP-18-0000099 AND CAAP-18-0000712

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CAAP-18-0000099
WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS
CHRISTINA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS TRUSTEE FOR BCAT 2015-14BTT, Plaintiff-Appellee,
v.
ISABELO PACPACO DOMINGO; MICHELE ELANOR DOMINGO,
Defendants-Appellants,
and
BANK OF AMERICA, N.A.; HALEWILI PLACE COMMUNITY ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants

AND

CAAP-18-0000712
WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS
CHRISTINA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS TRUSTEE FOR BCAT 2015-14BTT, Plaintiff-Appellee,
v.
ISABELO PACPACO DOMINGO; MICHELE ELANOR DOMINGO,
Defendants-Appellants,
and
BANK OF AMERICA, N.A.; HALEWILI PLACE COMMUNITY ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-202K)

ORDER DISMISSING APPEAL AS MOOT
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

On April 1, 2022, Plaintiff-Appellee Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, Not in Its Individual Capacity, but Solely as Trustee for BCAT 2015-14BTT (**Wilmington**) filed a Motion to Dismiss Appeal contending the appeal is moot because Defendants-Appellants Isabelo Pacpaco Domingo and Michele Elanor Domingo (together, **the Domingos**) failed to obtain a stay and the subject property has been sold and conveyed to a third-party good-faith purchaser, BBNY REO LLC, a Florida Limited Liability Company (**BBNY**).

On August 26, 2022, this court entered an Amended Summary Disposition Order concluding the appeal is moot because the Domingos failed to obtain a stay pending the appeal and no effective relief can be granted to the Domingos given the sale of the property to BBNY.

The Hawaiʻi Supreme Court granted the Domingos' application for writ of certiorari.  On February 15, 2023, the Hawaiʻi Supreme Court vacated the Amended Summary Disposition Order with instructions to temporarily remand the case to the Circuit Court of the Third Circuit (**Circuit Court**) for an evidentiary hearing to determine whether BBNY is a third-party good-faith purchaser. Wilmington Sav. Fund Soc'y, FSB v. Domingo, SCWC-18-0000099, 2023 WL 2017392 (Haw. Feb. 15, 2023) (Mem. Op.).

On February 24, 2023, pursuant to the supreme court's memorandum opinion, we entered an Order for Temporary Remand to the Circuit Court.

After an evidentiary hearing on April 11, 2023, the Circuit Court entered "Findings of Fact and Conclusions of Law Regarding Evidentiary Hearing to Determine Good Faith of Purchaser" on April 12, 2023.  The Circuit Court found, *inter alia*, that BBNY purchased the subject property from Wilmington for a fair price under the circumstances;[1] BBNY is not related or

---

[1]  The sale price was $400,000.

connected to Wilmington or its loan servicer Selene Finance, LP in any way; the sale of the subject property was completed after negotiations with other interested parties failed; the sale of the property from Wilmington to BBNY was negotiated in good faith and at arms-length; in purchasing the property, BBNY noted that the Domingos did not obtain a stay of proceedings and did not post any bond in connection with this consolidated appeal; and a Special Warranty Deed and Corrective Special Warranty Deed was recorded in the Land Court.  The Circuit Court determined, *inter alia*, that without a supersedeas bond, BBNY's knowledge of the Domingos' claims against Wilmington, including the pending consolidated appeal did not prohibit Wilmington from selling the property to BBNY; and BBNY was a good-faith third-party purchaser of the subject property.

The Circuit Court also found that after purchasing the property from Wilmington, BBNY took possession of the property, marketed the property for sale, and re-sold it to another third-party purchaser; the sale of the property from BBNY to the subsequent purchasers was also negotiated in good-faith and at arms-length; and a Special Warranty Deed was executed and recorded in the Land Court.  The Circuit Court determined the subject property is currently owned by the subsequent purchasers who are also third-party, good-faith purchasers of the property.

Pursuant to the Order for Temporary Remand, jurisdiction automatically reverted to this court on April 14, 2023, upon the filing of the supplemental record on appeal.

Given the Circuit Court's findings and determination that BBNY is a good-faith third-party purchaser of the subject property and the property is no longer in Wilmington or BBNY's possession, the appeal is moot because no effective relief can be granted. See Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 370, 400 P.3d 559, 571 (2017) (holding appeal should be dismissed as moot because no effective relief can be granted where appellant failed to post a supersedeas bond or otherwise obtain a stay and a third-party lawfully purchased the property in good faith).

Moreover, none of the recognized exceptions to the mootness doctrine apply here. See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5-11, 193 P.3d 839, 843-49 (2008) (explaining the Hawaiʻi Supreme Court has recognized the public interest exception, the "capable of repetition, yet evading review" exception, and adopting the collateral consequences exception).

THEREFORE, IT IS HEREBY ORDERED that this appeal is dismissed as moot.

DATED:  Honolulu, Hawaiʻi, June 20, 2023.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge